UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENESCO, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>TOY2U MANUFACTORY COMPANY LIMITED., L.T.D. COMMODITIES LLC,<br><br>      Defendants. | Civil Action No.: 16 Civ. 8634<br><br>FIRST AMENDED COMPLAINT<br><br>JUDGE HELLERSTEIN |

Plaintiff Enesco, LLC ("Plaintiff" or "Enesco"), through its undersigned counsel, for its First Amended Complaint, complains and alleges against defendants Toy2U Manufactory Company Limited ("Toy2U") and L.T.D. Commodities LLC ("LTD") (collectively, "Defendants") as follows:

**INTRODUCTION**

1. For more than a century, Plaintiff's Gund division has been the preeminent manufacturer and retailer of plush toys in the United States and around the world. Beloved by children and parents alike, Gund's teddy bears and other plush toys are recognized as the industry standard.

2. Among Gund's most popular toys is its Animated Peek-A-Boo Bear" product ("Peek-A-Boo Bear"), a seated plush teddy bear holding a blanket. The Peek-A-Boo Bear's arms articulate up and down so that the blanket alternately obscures and reveals the teddy bear's face, and also includes a function that plays loving, pre-recorded messages in a high, child-like voice, as the mouth moves in unison.

3.     In 2012, Plaintiff secured a United States design patent for the configuration of the Peek-A-Boo Bear.

4.     Years after Plaintiff obtained patent protection for and began marketing the Peek-A-Boo Bear to consumer, the Defendants, who have no affiliation with Enesco, collectively manufactured, imported, distributed, marketed, promoted, sold, and/or offered for sale a seated plush teddy bear toy with articulating arms holding a blanket (the "Infringing Product"). Moreover, the Infringing Product incorporates a voice function that plays *the same phrases in a virtually identical voic*e.

5.     The Infringing Product violates Plaintiff's exclusive design patent rights. Accordingly, this is an action for patent infringement in violation of 35 U.S.C. § 271.

6.     In this First Amended Complaint, Enesco seeks injunctive relief and damages arising from Defendants' deliberate infringement of Plaintiff's patent rights.

7.     Defendants' conduct has irreparably harmed Enesco, and, unless enjoined, will continue to injure both Enesco and the public.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the patent laws of the United States.

9.     This Court has personal jurisdiction over Defendants, because, on information and belief, Defendants sold, offered for sale, distributed, and/or shipped the Infringing Products to retailers and consumers throughout the United States and in this judicial district.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## THE PARTIES

11.    Enesco is a limited liability company organized under the laws of the State of

Delaware, with a principal place of business of 225 Windsor Drive, Itasca, Illinois 60143.

12. For more than a century, Gund, a Division of Enesco ("Gund"), has been a famous, industry-leading producer, designer, and marketer of plush toys, blankets, and accessories. Gund's products are displayed, promoted, sold, and offered for sale in this judicial district, throughout the United States and around the world.

13. Gund's principal place of business is located at One Runyons Lane, Edison, New Jersey 08817.

14. On information and belief, defendant Toy2U is a company organized under the laws of Hong Kong, with a principal place of business of Unit 4-5 12/F, Tower A, New Mandarin Plaza, 14 Science Museum Road, Hong Kong.

15. On information and belief, Toy2U designed, manufactured, and marketed the Infringing Product, and has sold, offered for sale, exported, distributed, and/or shipped the Infringing Product to retailers located in and/or selling products in the United States and in this judicial district, including, without limitation, defendant LTD.

16. On information and belief, defendant LTD is a limited liability company organized under the laws of Delaware, with a principal place of business of 2800 Lakeside Drive, Bannockburn, Illinois 60015.

17. On information and belief, LTD maintains an interactive website at the domain name ltdcommodities.com, which is accessible in this judicial district and throughout the world, and through which LTD displays, promotes, markets, advertises, and sells hundreds of products direct to consumers.

18. On further information and belief, LTD markets and sells hundreds of products via its catalog to consumers and retailers throughout the United States and in this judicial district.

19. On information and belief, LTD has promoted, advertised, marketed, sold, offered for sale, and/or shipped the Infringing Product to consumers in this judicial district.

## FACTUAL BACKGROUND

20. For more than a century, Plaintiff's Gund division has created innovative, high quality, and beloved plush products.

21. Among the products designed and marketed by Plaintiff is its Peek-A-Boo Bear, a seated plush teddy bear holding a blanket.

22. The Peek-A-Boo Bear incorporates a mechanism that articulates the arms up and down so that the blanket alternately obscures and reveals the teddy bear's face. Additionally, the mechanism causes the Peek-A-Boo Bear's mouth to move, and to play a high-pitched, child-like recorded voice that speaks a series of messages. The Peek-A-Boo Bear mechanism is activated by pressing a button on the left foot.

23. Plaintiff's Peek-A-Boo Bear has garnered substantial sales success and popular acclaim. By way of example, the Peek-A-Boo Bear was named one of the 100 Best Children's Products of 2011 by Dr. Toy, a leading expert on toys and children's products.

24. On April 24, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D658,241, entitled "Toy With Multiple Positions" (the "D241 Patent"). Plaintiff is the owner by assignment of all right, title, and interest in the D241 Patent. A true and correct copy of the D241 Patent is attached hereto as Exhibit A.

25. Plaintiff has provided Defendants and the public with constructive notice of its rights in the D241 Patent pursuant to 35 U.S.C. § 287.

26. On information and belief, defendant Toy2U manufacturers, sells, exports, and distributes toys to retailers in the United States, including to defendant LTD.

27. On information and belief, defendant Toy2U manufactured, sold, exported, and distributed the Infringing Product to retailers in the United States, including to defendant LTD.

28. On information and belief, LTD promoted, advertised, marketed, sold, offered for sale, and shipped the Infringing Product to consumers in this judicial district. A redacted copy of a receipt showing Defendant's shipment of the Infringing Product into this Judicial District is attached as Exhibit B.

29. On information and belief, LTD sold the Infringing Products through its catalog service and via its website accessible at ltdcommodities.com. A copy of the page from Defendant's "Winter Gifts 2016" catalog promoting and offering the Infringing Product is attached as Exhibit C.

30. LTD marketed the Infringing Product under the product name "Peek-A-Boo Bear"—precisely the same name as Plaintiff's genuine Peek-A-Boo Bear.

31. The Infringing Product is a seated plush bear holding a blanket. The configuration of the Infringing Product is virtually identical to the genuine Peek-A-Boo Bear:

 

Peek-A-Boo Bear          Infringing Product

32. Both the Peek-A-Boo Bear and the Infringing Product are rendered in seated positions with legs splayed and blankets attached to their front paws. Both bears have oval shaped heads with protruding rounded ears, and feature plastic eyes and oval noses protruding from their snouts. Both bears likewise have sandy-colored fur, white snouts, brown plastic eyes, and brown protruding noses.

33. In addition, the Infringing Product—just like the Peek-A-Boo Bear—incorporates a mechanism that raises and drops the bear's arms, lifting and lowering the attached blanket to play "peek-a-boo." As with the Peek-A-Boo Bear, the Infringing Product's mechanism is triggered by pressing a button embedded in the bear's left foot.

34. Moreover, the Infringing Product's mechanism also causes its mouth to move, and to recite different sweet phrases in a high-pitched, child-like voice. Tellingly, the Infringing Product **_plays the same phrases, in virtually the same voice, as the Peek-A-Boo Bear_**, including:

- *Hi baby! Peek-a-boo is the most fun with you!*
- *Hi cutie pie!*
- *Where did you go? Peek-a-boo, I found you!*
- *Where are you?*
- *Peek-a-boo! I see you!*
- *Where did you go?*
- *Peek-a-boo, hello baby!*
- *Again! Again! Let's keep playing!*

35. Defendants' mimicry of not just the Peek-A-Boo Bear's configuration, but its recorded voice as well, lays bare both their prior knowledge and intentional, wholesale copying of the Peek-A-Boo Bear.

36. Collectively, Defendants' development, manufacture, exporting, importing, shipment, distribution, promotion, advertising, marketing, sale, and offering for sale of the Infringing Product infringes upon Enesco's valuable, exclusive rights in the D241 Patent.

37. On September 26, 2016, Plaintiff's counsel sent a letter to the office of LTD's president, notifying LTD of Plaintiff's valuable and exclusive rights in the D241 Patent, and alerting LTD that its sale, distribution, and promotion of the Infringing Product infringed upon Plaintiff's rights. Plaintiff's letter further requested that LTD confirm that it would agree to cease promoting, displaying, distributing, offering for sale, and selling the Infringing Product no later than September 30, 2016. A copy of Plaintiff's September 26 letter is attached as <u>Exhibit D</u>.

38. In its letter of September 30, 2016, counsel for Toy2U responded to Plaintiff's September 26 letter by dismissing Enesco's assertions and declaring Defendants' intention to continue manufacturing, distributing, promoting, displaying, selling, and offering for sale the Infringing Product without regard to Plaintiff's rights.[1] A copy of the September 30 letter from Toy2U's counsel is attached as <u>Exhibit E</u>.

39. Consumers encountering both Plaintiff's genuine Peek-A-Boo Bear and the Infringing Product are likely to discern a substantial similarity between the Peek-A-Boo Bear and the Infringing Product.

40. Defendants' acts have caused and continue to cause Plaintiff to suffer irreparable injury to its business. Enesco has suffered and will continue to suffer substantial loss of goodwill

---

[1] The letter from Toy2U's Counsel also baselessly alleged that Plaintiff's September 26 letter "amounts to acts of intentional interference with contract or with prospective economic advantage and also constitute willful, tortuous [sic], wrongful and unjustified false statement, which acts entitle [Toy2U] to take action against [Plaintiff]."

and reputation unless and until Defendants are preliminarily and permanently enjoined from their infringement as set forth herein.

## COUNT I

### Patent Infringement in Violation of 35 U.S.C. § 271

41.     Plaintiff repeats and realleges paragraphs 1 through 40 of its First Amended Complaint as if fully set forth herein.

42.     Defendants have knowingly, intentionally, and willfully infringed the D241 Patent by collectively manufacturing, designing, exporting, importing, shipping, distributing, promoting, displaying, offering for sale, and selling the Infringing Product, which has a design covered by the claim of the D241 Patent.

43.     Defendants' acts of infringement of the D241 Patent were undertaken without permission or license from Plaintiff. Defendants had and continue to have actual and constructive notice of the D241 Patent and Plaintiff's rights, and their actions constitute willful and intentional infringement of the D241 Patent.

44.     Accordingly, Defendants infringed the D241 Patent with reckless disregard of Plaintiff's rights therein, as Defendants knew or should have known that their actions constituted infringement of the D241 Patent.

45.     Moreover, Defendants have indicated through counsel that they fully intend to continue manufacturing, promoting, selling, and distributing the Infringing Product.

46.     As a direct and proximate result of their infringement of the D241 Patent, Defendants have derived and received gains, profits, and advantages in an amount yet to be determined.

47. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

48. Pursuant to 35 U.S.C. § 289, Plaintiff is entitled to Defendants' total profits from the sale of the Infringing Product.

49. Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

50. Due to Defendants' infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

51. Unless enjoined by this Court, Defendants' infringement of Plaintiff's D241 Patent is likely to continue unabated, causing further irreparable injury to Enesco.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Enesco, LLC prays for entry of:

1) A **FINAL JUDGMENT** that Defendants willfully infringed Plaintiff's D241 Patent in violation of 35 U.S.C. § 271;

2) an **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently thereafter, from manufacturing, designing, exporting, importing, shipping, distributing, promoting, displaying, offering for sale, and selling the Infringing Product;

3) an **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently thereafter, from infringing the D241 Patent; and

4) a further **ORDER**

(a) requiring Defendants to account for all gains, profits, and advantages derived and accrued as a result of their infringement of the D241 Patent;

(b) assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendants have derived from infringing the D241 Patent;

(c) awarding to Plaintiff its attorneys' fees, expenses, and costs incurred in connection with this action as provided by 35 U.S.C. § 285;

(d) awarding to Plaintiff pre- and post-judgment interest and costs of this action against Defendants; and

(e) assessing such other and further relief as the Court may deem just and proper.

Dated: November 9, 2016

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: *[signature]*
George Gottlieb, Esq.
ggottlieb@grr.com
Marc P. Misthal, Esq.
mmisthal@grr.com
Jonathan A. Malki, Esq.
jmalki@grr.com
270 Madison Avenue
New York, New York 10016
(212) 684-3900 (tel)
(212) 684-3999 (fax)

*Attorneys for Plaintiff Enesco, LLC.*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Enesco demands a trial by jury on all facts so triable.

Dated: November 9, 2016

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: */s/ Marc P. Misthal*
George Gottlieb, Esq.
ggottlieb@grr.com
Marc P. Misthal, Esq.
mmisthal@grr.com
Jonathan A. Malki, Esq.
jmalki@grr.com
270 Madison Avenue
New York, New York 10016
(212) 684-3900 (tel)
(212) 684-3999 (fax)

*Attorneys for Plaintiff Enesco, LLC*