IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENESCO, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TOY2U MANUFACTORY COMPANY LIMITED, L.T.D. COMMODITIES LLC,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 16-CV-8634-AKH<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Toy2U Manufactory Company Limited ("Toy2U") and L.T.D. Commodities LLC ("LTD") (collectively, "Defendants") hereby answer the Second Amended Complaint ("2AC") of Enesco, LLC ("Enesco") as follows:

INTRODUCTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and accordingly deny the allegations contained therein.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and accordingly deny the allegations contained therein.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and accordingly deny the allegations contained therein.

4. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 4, and accordingly deny the allegations contained therein.

5. Defendants deny the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants admit the 2AC seeks injunctive relief and damages. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

## JURISDICTION AND VENUE

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit they are subject to the jurisdiction of this Court for this action. Defendants deny the remaining allegations of Paragraph 10.

11. Defendants admit that venue is proper for this action. Defendants deny any remaining allegations of Paragraph 11.

## PARTIES

12. Defendants admit the 2AC states on its face that Enesco is a limited liability company organized under the laws of the State of Delaware, with a principal place of business of 225 Windsor Drive, Itasca, Illinois 60143.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and accordingly deny the allegations contained therein.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and accordingly deny the allegations contained therein.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and accordingly deny the allegations contained therein.

16. Defendants deny the allegations of Paragraph 16.

17.     Defendants admit LTD is a limited liability company, with a principal place of business at 2800 Lakeside Drive, Bannockburn, Illinois 60015, but deny any remaining allegations of Paragraph 17.

18.     Defendants admit LTD maintains a website at the domain <Toy2Ucommodities.com>, but deny any remaining allegations of Paragraph 18.

19.     Defendants admit LTD markets and sells hundreds of products via its catalog to consumers and retailers throughout the United States, but deny the remaining allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

## FACTUAL BACKGROUND

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and accordingly deny the allegations contained therein.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and accordingly deny the allegations contained therein.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and accordingly deny the allegations contained therein.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and accordingly deny the allegations contained therein.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and accordingly deny the allegations contained therein

26.     Defendants admit that Exhibit 1 to the 2AC states on its face that United States Design Patent No. D658,241 (the "D241 Patent") entitled "Toy With Multiple Positions" was issued on April 24, 2012. Defendants lack knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 26, and therefore deny the same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and accordingly deny the allegations contained therein.

28. Defendants admit Toy2U is a retailer of toys. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28, and therefore deny the same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and accordingly deny the allegations contained therein.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and accordingly deny the allegations contained therein.

31. Defendants admit Exhibit 3 to the 2AC is a copy of a page from a Toy2U catalog. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore deny the same.

32. Defendants admit LTD has marketed a product under the name "Peek-A-Boo Bear." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore deny the same.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and accordingly deny the allegations contained therein.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and accordingly deny the allegations contained therein.

37. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 37, and accordingly deny the allegations contained therein.

     38.     Defendants deny the allegations of Paragraph 38.

     39.     Defendants admit that on or about September 26, 2016, Plaintiff sent a letter to the office of LTD's president. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39, and therefore deny the same.

     40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and accordingly deny the allegations contained therein.

     41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and accordingly deny the allegations contained therein.

     42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and accordingly deny the allegations contained therein.

     43.     Defendants deny the allegations of Paragraph 43.

     44.     Defendants deny the allegations of Paragraph 44.

     45.     Defendants deny the allegations of Paragraph 45.

     46.     Defendants deny the allegations of Paragraph 46.

     47.     Defendants deny the allegations of Paragraph 47.

<u>COUNT I</u>

<u>PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271</u>

     48.     Defendants incorporate by reference their responses to Paragraphs 1 through 47 of the 2AC as though fully set forth herein.

     49.     Defendants deny the allegations of Paragraph 49.

     50.     Defendants deny the allegations of Paragraph 50.

     51.     Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

COUNT II

COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 106, 501

59. Defendants incorporate by reference their responses to Paragraphs 1 through 58 of the 2AC as though fully set forth herein.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and accordingly deny the allegations contained therein.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and accordingly deny the allegations contained therein.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and accordingly deny the allegations contained therein.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants deny each and every allegation of the 2AC not heretofore specifically admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Defendants assert the following defenses. Defendants reserve the right to amend their answer as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE

## INVALIDITY OF PATENT-IN-SUIT

73. The claims of the D241 Patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

## CLAIM FOR PATENT DAMAGES BARRED

74. Plaintiff's claim to damages is barred in whole or in part by 35 U.S.C. § 286 and/or § 287.

## THIRD AFFIRMATIVE DEFENSE

## LACHES, ESTOPPEL, ACQUIESCENCE

75. Plaintiff's claim to damages is barred in whole or in part by laches, estoppel and/or acquiescence.

FOURTH AFFIRMATIVE DEFENSE

FAILURE TO STATE A CLAIM

76. Plaintiff fails to state a claim for which relief can be granted.

FIFTH AFFIRMATIVE DEFENSE

COPYRIGHT INVALIDITY

77. Plaintiff's claims are barred to the extent Plaintiff claims rights in elements that are functional or are otherwise not protectable by copyright.

SIXTH AFFIRMATIVE DEFENSE

COPYRIGHT MISUSE

78. Plaintiff's claims are barred by the doctrine of copyright misuse.

SEVENTH AFFIRMATIVE DEFENSE

CLAIM FOR COPYRIGHT DAMAGES BARRED

79. Plaintiff's claim to damages is barred in whole or in part by 17 U.S.C. §§ 401, 411 and/or 412.

<b>DEFENDANTS' COUNTERCLAIMS</b>

Defendants/Counterclaimants Toy2U Manufactory Company Limited ("Toy2U") and L.T.D. Commodities LLC ("LTD") (collectively, "Defendants") hereby bring the following counterclaims against Plaintiff/Counterdefendant Enesco, LLC ("Plaintiff" and "Enesco") for judgment as follows:

PARTIES

1. Toy2U is a company organized under the laws of Hong Kong, with a principal place of business of Unit 4-5 12/F, Tower A, New Mandarin Plaza, 14 Science Museum Road, Hong Kong.

2. LTD is a limited liability company organized under the laws of Illinois, with a principal place of business at 2800 Lakeside Drive, Bannockburn, Illinois 60015.

3. By its 2AC, Plaintiff Enesco, LLC is a limited liability company organized under the laws of the State of Delaware, with a principal place of business of 225 Windsor Drive, Itasca, Illinois 60143.

JURISDICTION AND VENUE

4. This action arises under the Patent and Copyright Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, based upon an actual controversy between Plaintiff and Defendants.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 2201. This Court has personal jurisdiction over Plaintiff because Plaintiff has availed itself of this Court through the filing of the Complaint. Plaintiff alleged that it is the owner of United States Design Patent No. D658,241 (the "D241 Patent") entitled "Toy With Multiple Positions" and the asserted United States Copyright Registration Nos. TX 8-028-904 and VA 2-024-940.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

COUNT I

DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

7. Plaintiff has asserted in its 2AC a claim of patent infringement against Defendants based on the D241 Patent. Defendants have denied that they have infringed or are infringing any valid claims of the patent. Thus, an immediate, real, and justiciable controversy now exists between Defendants and Plaintiff with respect to the D241 Patent.

8. Defendants have not directly or indirectly infringed and do not infringe (either literally or under the doctrine of equivalents) any valid claims of the D241 Patent.

9. Defendants seek a declaration from this Court that Defendants have not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the D241 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF PATENT INVALIDITY

10. Plaintiff has asserted in its 2AC a claim of patent infringement against Defendants based on the D241 Patent. Defendants have denied that they have infringed or are infringing any valid claims of these patents. Thus, an immediate, real, and justiciable controversy now exists between Defendants and Plaintiff with respect to the D241 Patent.

11. One or more claims of the D241 Patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

12. Defendants seek a declaration from this Court that the claims of the D241 Patent are invalid.

## COUNT III

### DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

13. Plaintiff has asserted in its 2AC a claim of copyright infringement against Defendants based on Registration Nos. TX 8-028-904 and VA 2-024-940. Defendants have denied that they have infringed or are infringing the asserted copyrights. Thus, an immediate, real, and justiciable controversy now exists between Defendants and Plaintiff with respect to alleged infringement of the asserted copyrights.

14.     Defendants have not infringed and do not infringe any protectable copyright in Registration Nos. TX 8-028-904 and VA 2-024-940.

15.     Defendants seek a declaration from this Court that Defendants have not infringed and do not infringe the asserted copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray for the following relief:

A.      For an order dismissing with prejudice all claims against Defendants and denying all relief requested by Plaintiff;

B.      That the Court enter judgment declaring that Defendants do not infringe, and have not infringed, any claims of the D241 Patent;

C.      That the Court enter judgment declaring the claims of the D241 Patent to be invalid;

D.      That the Court enter judgment declaring that Defendants do not infringe, and have not infringed, the asserted copyrights.

E.      That the Court find this case to be an exceptional case under 35 U.S.C. § 285 and that Defendants recover their costs and reasonable attorney fees under the 35 U.S.C. § 285 and 17 U.S.C § 505 upon prevailing in this action;

F.      That Plaintiff take nothing by its complaint against Defendants;

G.      That the Court deny any and all of Plaintiff's requests for injunctive relief;

H.      That the Court grant Defendants fees for unreasonable and vexatious litigation under 28 U.S.C. § 1927;

I.      That the Court award Defendants their legal fees, costs, expenses, and other relief,

both legal and equitable, upon prevailing in this action; and

    J.    That the Court award Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants hereby request a trial jury as to all issues which are properly triable by a jury in this action.

Dated: March 20, 2017                              Respectfully submitted,

                                                                     By:  */s/ Otto O. Lee*
                                                                            Otto O. Lee, Esq. (*PHV*)
                                                                            INTELLECTUAL PROPERTY LAW GROUP LLP
                                                                            12 South First Street, 12th Floor
                                                                            San Jose, California 95113
                                                                            Telephone: (408) 286-8933
                                                                            Email: olee@iplg.com; tm_docket@iplg.com

                                                                            David W. Kloss, Esq.
                                                                            Justin D. Kloss, Esq.
                                                                            KLOSS, STENGER & LOTEMPIO
                                                                            69 Delaware Avenue, Suite 1003
                                                                            Buffalo, New York 14202
                                                                            Telephone: (716) 853-1111
                                                                            Email: office@klosslaw.com

                                                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2017, I electronically filed the foregoing **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** using the Court's CM/ECF system, which will provide service of such filing by email to the following parties:

Marc P. Misthal, Esq.  (mmisthal@grr.com)
Jonathan Albert Malki, Esq.  (jmalki@grr.com)
Gottlieb Rackman&Reisman, P.C.
270 Madison Avenue
New York, NY 10016

*Attorneys for Plaintiff*

By: */s/ Otto O. Lee*
     Otto O. Lee